**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| WILLIAM CATO SELLS, JR., ) | 3:08-cv-00170-RCJ (WGC) |
| Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| vs. ) | **OF U.S. MAGISTRATE JUDGE** |
| E.K. MCDANIEL, et al., ) | |
| Defendants. ) | |

This Report and Recommendation is made to the Honorable Robert C. Jones, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Defendants' Motion for Involuntary Dismissal Pursuant to Fed. R. Civ. P. 41(b). (Doc. # 123.)[1] Plaintiff opposed (Doc. # 136) and Defendants replied (Doc. # 139.) A hearing was held on January 12, 2012. (*See* Doc. # 140.) After a thorough review, the court recommends that Defendants' motion (Doc. # 123) be denied without prejudice as premature.

## I. BACKGROUND

Plaintiff William Cato Sells (Plaintiff) was formerly an inmate in custody of the Nevada Department Corrections (NDOC) at Ely State Prison (ESP). (Pl.'s Compl. (Doc. # 1).) Plaintiff, a *pro se* litigant, brings this action pursuant to 42 U.S.C. § 1983. (*Id*.) Defendants are E.K. McDaniel, Adam Endel, Howard Skolnik, and Greg Cox. (*Id*.)

This action was originally filed on February 15, 2008, in the Seventh Judicial District Court of the State of Nevada, in and for the County of White Pine, and removed to federal court

---
[1] Refers to the court's docket number.

on April 3, 2008. (*See* Doc. # 1.) Plaintiff alleges that he was retaliated against for his prior litigation activities. (*Id.*) Specifically, he alleges that he was falsely charged with various disciplinary violations and denied reclassification from his High Risk Potential segregated status at ESP. (*Id.*) On screening, Plaintiff was allowed to proceed on his Complaint. (Doc. # 12.)

Defendants moved for summary judgment, which was granted as to all claims except a single claim for denial of procedural due process protections in connection with Plaintiff's disciplinary hearing. (*See* Doc. # 84, Doc. # 86, Doc. # 87.)

Plaintiff was granted parole in the latter part of 2009. (Doc. # 123 at 4, Ex. A at ¶ 3.) On November 2, 2009, Plaintiff filed a notice of change of address indicating he was residing in Ocean Shores, Washington on November 2, 2009. (Doc. # 88.) He filed another notice of change of address on August 5, 2010, indicating his new address at the Grays Harbor County Jail in Montesano, Washington. (Doc. # 89.)

On August 25, 2010, the District Court issued its Pretrial Notice Order indicating that a proposed joint pretrial order was due on or before October 1, 2010. (Doc. # 91.)

On September 16, 2010, Plaintiff was convicted of Second Degree Identity Theft (Count I) and Second Degree Possession of Stolen Property (Count II), and was sentenced consecutively to forty-three (43) to fifty-seven (57) months (Count I) and twenty-two (22) to twenty-nine (29) months (Count II). (Doc. # 123 Attachment 1 (*sealed*).)

Defendants requested an extension of time to file the pretrial order due to Plaintiff's incarceration in the state of Washington. (Doc. # 93, Doc. # 94.) Plaintiff filed a notice of change of address indicating his residence at the Grays Harbor County Jail in Montesano, Washington. (Doc. # 100.) Plaintiff also moved to extend the time to file the pretrial order. (Doc. # 101.)

Plaintiff filed yet another notice of change of address indicating his residence at the Coyote Ridge Correctional Center in Connell, Washington on February 3, 2011. (Doc. # 105.)

The motions for extension of time were granted, and the deadline for submission of the pretrial order was extended to allow the parties to engage in efforts in settling the action.

(Doc. # 102, Doc. # 107.) Subsequently, Plaintiff filed a notice of change of address indicating his residence at Clallam Bay Correctional Center in Clallam Bay, Washington. (Doc. # 110.)

Efforts to settle the matter were unsuccessful, and the court issued an order indicating that the parties were to file their proposed joint pretrial order by June 20, 2011. (Doc. # 115, Doc. # 116.) It is noted that in trying to procure Plaintiff's appearance for the settlement conference in the District of Nevada by video conference, the court was notified by the information technology representative at the Clallam Bay Correctional Center that they were unable to establish a video connection. (Doc. # 123 Attachment 2.) Plaintiff appeared at the settlement conference via telephone. (Doc. # 123 Attachment 3; *see also* Doc. # 111, Doc. # 115.)

On June 7, 2011, Defendants filed a motion for leave to file a motion for involuntary dismissal (Doc. # 117) and motion to stay the pretrial deadlines pending resolution of the motion to dismiss (Doc. # 118); both were granted. (Doc. # 121, Doc. # 122.) Defendants filed the instant motion on July 8, 2011. (Doc. # 123.)

Plaintiff is presently incarcerated at the Clallam Bay Correctional Center in Clallam Bay, Washington. (Doc. # 123 at 4.)

Defendants argue that Plaintiff's action should be dismissed because Plaintiff is unable to appear in any meaningful manner for trial. (Doc. # 123 at 5-6.)

Plaintiff argues that he may appear at trial via internet web camera. (Doc. # 136 at 2.) In addition, Plaintiff argues that he may potentially be released from prison in Washington following resolution of his direct appeal in February 2012. (*Id.* at 3.)

In their Reply, Defendants argue that Plaintiff misrepresented his ability to appear via internet web camera because the videoconferencing equipment at Clallam Bay is incompatible with that of the District Court in Reno, Nevada. (Doc. # 139 at 2-3, Doc. # 139-1 (Decl. of Denise L. Larson) at ¶ 5.) Moreover, they argue that Clallam Bay does not have the equipment to allow Plaintiff to appear via internet web camera. (Doc. # 139 at 3, Doc. # 139-1 at ¶ 6.) Finally, Defendants argue that Plaintiff's optimism regarding his release is misplaced. (*Id.* at 4.)

///

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Such a dismissal is considered an adjudication on the merits. *Id.* Under this rule, plaintiffs must prosecute their claims with "reasonable diligence" to avoid dismissal. *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).

However, "prisoner status alone does not justify automatic dismissal for inability to prosecute." *Hernandez v. Whiting*, 881 F.2d 768, 770 n. 2 (9th Cir. 1989) (citing *Collins v. Pitchess*, 641 F.2d 740, 741 (9th Cir. 1981).) This is because: (1) "imprisonment suspends the plaintiff's usual right to be personally present at judicial proceedings brought by himself or on his behalf"; and (2) "a civil litigant, including an incarcerated prisoner, is presumed to have no constitutional entitlement to court-ordered counsel unless his case carries the risk of affecting his physical liberty." *Hernandez*, 881 F.2d at 770-71 (citations omitted).

The Ninth Circuit has instructed that "a trial court may not lightly dismiss an incarcerated individual's suit for failure to prosecute." *Hernandez*, 881 F.2d at 771. Thus, "before dismissing a prisoner's *pro se* action for failure to appear due to incarceration, the trial court must investigate the reasonable alternatives to such a severe sanction" which may include: "bench trial in the prison, should the parties waive a jury; trial by depositions, despite this approach's weakness on credibility issues; postponement of trial until the prisoner's release, if scheduled to occur within a reasonable time; and compelling the prisoner's presence through an *ad testificandum* writ." *Id.* at 771 (citing *Heidelberg v. Hammer*, 577 F.2d 429, 431 (7th Cir. 1978)).

Technological advances may also offer reasonable alternatives. *See e.g., Moss v. Gomez*, 162 F.3d 1169 (9th Cir. 1998) (unpublished) (suggesting trial by deposition or videoconferencing as reasonable alternatives).

## III. DISCUSSION

The court finds that Defendants' motion is premature as a trial has not been set in this matter. Moreover, the court finds that all "reasonable alternatives" have not yet been explored.

4

1    At the hearing on this motion, Plaintiff represented that he was investigating whether outside counsel who provide services in inmate cases in Washington had the ability to set up videoconferencing, an internet web camera, or Skype to allow Plaintiff to appear at his trial. Plaintiff also represented that he would investigate whether he could be transferred to another facility within Washington with more sophisticated videoconferencing and internet capabilities. Finally, Plaintiff represented that the Washington Court of Appeals set a hearing on his direct appeal for January 19, 2012.

The court can rule out some of the "reasonable alternatives" set forth in *Hernandez*. For example, a bench trial in Washington is not an option because this court cannot sit in the District of Washington, and in any event, this would require the waiver of a jury, which Defendants are not willing to do. In addition, Defendants argued, and the court tends to agree, that trial by deposition is not a reasonable alternative in this case because the jury would not be able to assess Plaintiff's credibility. Moreover, while Plaintiff's deposition was taken in this case, the Defendants' depositions were not taken, and therefore, Plaintiff would not have an opportunity to cross-examine Defendants. Finally, this court would not have jurisdiction to issue a writ of habeas corpus *ad testificandum* to compel Plaintiff, an inmate incarcerated in Washington, to appear for trial in the District of Nevada.

However, in light of Plaintiff's representations, the court finds that several "reasonable alternatives" are still a *possibility*, including appearance via video conference, internet web camera, or Skype, and Plaintiff's possible transfer to a facility within Washington with more sophisticated video capabilities. In addition, while the court does not imply that Plaintiff's optimism concerning his release is well founded, it does create a *possibility* that Plaintiff would be able to appear for trial. In any event, it appears this issue will be resolved by the Washington Court of Appeal on January 19, 2011. Therefore, the court finds that Defendants' motion should be denied without prejudice as premature.

To that end, the court has directed Plaintiff to file a status report no later than January 31, 2012, outlining the findings of his research into the feasibility of using alternative methods for appearing at trial. (*See* Doc. # 141.) Defendants are permitted to file a rebuttal

5

status report no later than February 10, 2012, and a further status conference on this issue has been set for March 13, 2012. (*Id.*)

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **DENYING WITHOUT PREJUDICE** Defendants' motion (Doc. # 123).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: January  17, 2012

WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE