1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                          **DISTRICT OF NEVADA**

8   WILLIAM CATO SELLS, JR.,                    )

9                Plaintiff,                      )

10       v.                                      )        3:08-cv-170-RCJ-WGC

11   E.K. McDANIEL, et al.,                      )        **ORDER**

12                Defendants.                    )

13   _____   )

14

15          Currently before the Court are Defendants' Motion for Involuntary Dismissal Pursuant

16   to Fed. R. Civ. P. 41(b) (#123) and the Report and Recommendation of U.S. Magistrate Judge

17   (#142).

                            **BACKGROUND**[1]
18

19          Plaintiff William Cato Sells ("Plaintiff") was formerly an inmate in custody of the Nevada

20   Department Corrections ("NDOC") at Ely State Prison ("ESP"). Plaintiff, a *pro se* litigant, brings

     this action pursuant to 42 U.S.C. § 1983.  Defendants are E.K. McDaniel, Adam Endel,
21
     Howard Skolnik, and Greg Cox.
22
            This action was originally filed on February 15, 2008, in the Seventh Judicial District
23
     Court of the State of Nevada, in and for the County of White Pine, and removed to federal
24
     court on April 3, 2008.  Plaintiff alleges that he was retaliated against for his prior litigation
25
     activities.  Specifically, he alleges that he was falsely charged with various disciplinary
26
     violations and denied reclassification from his High Risk Potential segregated status at ESP.
27

28   _____

           [1]  These facts are taken from Judge Cobb's Report and Recommendation on this
     matter.  (R&R (#142) at 1-3).

On screening, Plaintiff was allowed to proceed on his Complaint.

In 2009, Defendants moved for summary judgment, which was granted as to all claims except a single claim for denial of procedural due process protections in connection with Plaintiff's disciplinary hearing.

Plaintiff was granted parole in the latter part of 2009.  On November 2, 2009, Plaintiff filed a notice of change of address indicating he was residing in Ocean Shores, Washington on November 2, 2009.   He filed another notice of change of address on August 5, 2010, indicating his new address at the Grays Harbor County Jail in Montesano, Washington.

On August 25, 2010, this Court issued its Pretrial Notice Order indicating that a proposed joint pretrial order was due on or before October 1, 2010.

On September 16, 2010, Plaintiff was convicted of Second Degree Identity Theft (Count I) and Second Degree Possession of Stolen Property (Count II), and was sentenced consecutively to forty-three (43) to fifty-seven (57) months (Count I) and twenty-two (22) to twenty-nine (29) months (Count II).

Defendants requested an extension of time to file the pretrial order due to Plaintiff's incarceration in the state of Washington.  Plaintiff filed a notice of change of address indicating his residence at the Grays Harbor County Jail in Montesano, Washington.  Plaintiff also moved to extend the time to file the pretrial order.

Plaintiff filed yet another notice of change of address indicating his residence at the Coyote Ridge Correctional Center in Connell, Washington on February 3, 2011.

The motions for extension of time were granted, and the deadline for submission of the pretrial order was extended to allow the parties to engage in efforts in settling the action. Subsequently, Plaintiff filed a notice of change of address indicating his residence at Clallam Bay Correctional Center in Clallam Bay, Washington.

Efforts to settle the matter were unsuccessful, and the Court issued an order indicating that the parties were to file their proposed joint pretrial order by June 20, 2011.  It is noted that in trying to procure Plaintiff's appearance for the settlement conference in the District of Nevada by video conference, the Court was notified by the information technology

2

1  representative at the Clallam Bay Correctional Center that they were unable to establish a
2  video connection.  Plaintiff appeared at the settlement conference via telephone.

3      On June 7, 2011, Defendants filed a motion for leave to file a motion for involuntary
4  dismissal and motion to stay the pretrial deadlines pending resolution of the motion to dismiss;
5  both were granted.  Defendants filed the instant motion on July 8, 2011.

6      Plaintiff is presently incarcerated at the Clallam Bay Correctional Center in Clallam Bay,
7  Washington.

8                              **LEGAL STANDARD**

9      Federal Rule of Civil Procedure 41(b) provides, "[i]f the plaintiff fails to prosecute or to
10  comply with these rules or a court order, a defendant may move to dismiss the action or any
11  claim against it."  Fed. R. Civ. P. 41(b).  Such a dismissal is considered an adjudication on the
12  merits.  *Id*.  Under this rule, plaintiffs must prosecute their claims with "reasonable diligence"
13  to avoid dismissal.  *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).

14      However, "prisoner status alone does not justify automatic dismissal for inability to
15  prosecute."  *Hernandez v. Whiting*, 881 F.2d 768, 770 n.2 (9th Cir. 1989) (citing *Collins v.
16  Pitchess*, 641 F.2d 740, 741 (9th Cir. 1981)).  This is because: (1) "imprisonment suspends
17  the plaintiff's usual right to be personally present at judicial proceedings brought by himself or
18  on his behalf"; and (2) "a civil litigant, including an incarcerated prisoner, is presumed to have
19  no constitutional entitlement to court-ordered counsel unless his case carries the risk of
20  affecting his physical liberty."  *Hernandez*, 881 F.2d at 770-71 (citations omitted).

21      The Ninth Circuit has instructed that "a trial court may not lightly dismiss an incarcerated
22  individual's suit for failure to prosecute."  *Hernandez*, 881 F.2d at 771. Thus, "before
23  dismissing a prisoner's *pro se* action for failure to appear due to incarceration, the trial court
24  must investigate the reasonable alternatives to such a severe sanction" which may include:
25  "bench trial in the prison, should the parties waive a jury; trial by depositions, despite this
26  approach's weakness on credibility issues; postponement of trial until the prisoner's release,
27  if scheduled to occur within a reasonable time; and compelling the prisoner's presence through
28  an ad testificandum writ."  *Id.* at 771 (citing *Heidelberg v. Hammer*, 577 F.2d 429, 431 (7th Cir.

1   1978)).

2       Technological advances may also offer reasonable alternatives. *See e.g.*, *Moss v.*

3   *Gomez*, 162 F.3d 1169 (9th Cir. 1998) (unpublished) (suggesting trial by deposition or

4   videoconferencing as reasonable alternatives).

5                                    **DISCUSSION**

6       Defendants argue that Plaintiff's action should be dismissed because Plaintiff is unable

7   to appear in any meaningful manner for trial. (Mot. for Involunary Dismissal (#123) at 5-6.)

8       Plaintiff argues that he may appear at trial via internet web camera. (Opp'n to Mot.

9   (#136) at 2).  In addition, Plaintiff argues that he may potentially be released from prison in

10  Washington following resolution of his direct appeal in February 2012. (*Id.* at 3.)

11      In their reply, Defendants argue that Plaintiff misrepresented his ability to appear via

12  internet web camera because the videoconferencing equipment at Clallam Bay is incompatible

13  with that of the District Court in Reno, Nevada. (Reply to Mot. (#139) at 2-3; Decl. of Denise

14  L. Larson (#139-1) at 2-3 (¶ 5)).  Moreover, they argue that Clallam Bay does not have the

15  equipment to allow Plaintiff to appear via internet web camera. (Reply to Mot. (#139) at 3;

16  Decl. of Denise L. Larson (#139-1) at 3 (¶ 6)).  Finally, Defendants argue that Plaintiff's

17  optimism regarding his release is misplaced. (*Id.* at 4).

18      The Court finds that Plaintiff is unable to appear in any acceptable or meaningful way

19  for any scheduled trial based on the facts in the record.  The Court notes that it granted

20  summary judgment on one remaining claim in October 2009 and that this case has not been

21  able to move forward due to Plaintiff's incarceration.  Based on the record before the Court,

22  the Court finds that there are no reasonable alternatives to the dismissal of this case.  Plaintiff

23  cannot appear by video and Plaintiff has not shown that he has secured other arrangements

24  that would let him appear at a future trial via video.  Additionally, after reviewing the record on

25  the technology at the Clallam Bay Correctional Center, Plaintiff is not authorized to use the

26  Jpay equipment to access this Court.  Additionally there is no videoconferencing, web camera,

27  or "Skype" available by which he could appear before this Court.  Therefore, this Court

28  dismisses this case.  As such, the Court GRANTS Defendants' Motion for Involuntary

                                          4

Dismissal Pursuant to Fed. R. Civ. P. 41(b) (#123) and DENIES the Report and Recommendation of U.S. Magistrate Judge (#142).

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Defendants' Motion for Involuntary Dismissal Pursuant to Fed. R. Civ. P. 41(b) (#123) is GRANTED.

IT IS FURTHER ORDERED that the Report and Recommendation of U.S. Magistrate Judge (#142) is DENIED.

The Clerk of the Court shall enter judgment accordingly.

DATED: This 30th day of March, 2012.

_____
United States District Judge