**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WILLIAM CATO SELLS, JR., | ) |
| Plaintiff, | ) |
| v. | ) 3:08-cv-170-RCJ-WGC |
| E.K. McDANIEL, et al., | ) **ORDER** |
| Defendants. | ) |

Currently before the Court are Defendants' Motion for Involuntary Dismissal Pursuant to Fed. R. Civ. P. 41(b) (#123) and the Report and Recommendation of U.S. Magistrate Judge (#142).

**BACKGROUND**[1]

Plaintiff William Cato Sells ("Plaintiff") was formerly an inmate in custody of the Nevada Department Corrections ("NDOC") at Ely State Prison ("ESP"). Plaintiff, a *pro se* litigant, brings this action pursuant to 42 U.S.C. § 1983. Defendants are E.K. McDaniel, Adam Endel, Howard Skolnik, and Greg Cox.

This action was originally filed on February 15, 2008, in the Seventh Judicial District Court of the State of Nevada, in and for the County of White Pine, and removed to federal court on April 3, 2008. Plaintiff alleges that he was retaliated against for his prior litigation activities. Specifically, he alleges that he was falsely charged with various disciplinary violations and denied reclassification from his High Risk Potential segregated status at ESP.

---

[1] These facts are taken from Judge Cobb's Report and Recommendation on this matter. (R&R (#142) at 1-3).

On screening, Plaintiff was allowed to proceed on his Complaint.

In 2009, Defendants moved for summary judgment, which was granted as to all claims except a single claim for denial of procedural due process protections in connection with Plaintiff's disciplinary hearing.

Plaintiff was granted parole in the latter part of 2009. On November 2, 2009, Plaintiff filed a notice of change of address indicating he was residing in Ocean Shores, Washington on November 2, 2009. He filed another notice of change of address on August 5, 2010, indicating his new address at the Grays Harbor County Jail in Montesano, Washington.

On August 25, 2010, this Court issued its Pretrial Notice Order indicating that a proposed joint pretrial order was due on or before October 1, 2010.

On September 16, 2010, Plaintiff was convicted of Second Degree Identity Theft (Count I) and Second Degree Possession of Stolen Property (Count II), and was sentenced consecutively to forty-three (43) to fifty-seven (57) months (Count I) and twenty-two (22) to twenty-nine (29) months (Count II).

Defendants requested an extension of time to file the pretrial order due to Plaintiff's incarceration in the state of Washington. Plaintiff filed a notice of change of address indicating his residence at the Grays Harbor County Jail in Montesano, Washington. Plaintiff also moved to extend the time to file the pretrial order.

Plaintiff filed yet another notice of change of address indicating his residence at the Coyote Ridge Correctional Center in Connell, Washington on February 3, 2011.

The motions for extension of time were granted, and the deadline for submission of the pretrial order was extended to allow the parties to engage in efforts in settling the action. Subsequently, Plaintiff filed a notice of change of address indicating his residence at Clallam Bay Correctional Center in Clallam Bay, Washington.

Efforts to settle the matter were unsuccessful, and the Court issued an order indicating that the parties were to file their proposed joint pretrial order by June 20, 2011. It is noted that in trying to procure Plaintiff's appearance for the settlement conference in the District of Nevada by video conference, the Court was notified by the information technology

representative at the Clallam Bay Correctional Center that they were unable to establish a video connection. Plaintiff appeared at the settlement conference via telephone.

On June 7, 2011, Defendants filed a motion for leave to file a motion for involuntary dismissal and motion to stay the pretrial deadlines pending resolution of the motion to dismiss; both were granted. Defendants filed the instant motion on July 8, 2011.

Plaintiff is presently incarcerated at the Clallam Bay Correctional Center in Clallam Bay, Washington.

## LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Such a dismissal is considered an adjudication on the merits. *Id*. Under this rule, plaintiffs must prosecute their claims with "reasonable diligence" to avoid dismissal. *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).

However, "prisoner status alone does not justify automatic dismissal for inability to prosecute." *Hernandez v. Whiting*, 881 F.2d 768, 770 n.2 (9th Cir. 1989) (citing *Collins v. Pitchess*, 641 F.2d 740, 741 (9th Cir. 1981)). This is because: (1) "imprisonment suspends the plaintiff's usual right to be personally present at judicial proceedings brought by himself or on his behalf"; and (2) "a civil litigant, including an incarcerated prisoner, is presumed to have no constitutional entitlement to court-ordered counsel unless his case carries the risk of affecting his physical liberty." *Hernandez*, 881 F.2d at 770-71 (citations omitted).

The Ninth Circuit has instructed that "a trial court may not lightly dismiss an incarcerated individual's suit for failure to prosecute." *Hernandez*, 881 F.2d at 771. Thus, "before dismissing a prisoner's *pro se* action for failure to appear due to incarceration, the trial court must investigate the reasonable alternatives to such a severe sanction" which may include: "bench trial in the prison, should the parties waive a jury; trial by depositions, despite this approach's weakness on credibility issues; postponement of trial until the prisoner's release, if scheduled to occur within a reasonable time; and compelling the prisoner's presence through an ad testificandum writ." *Id.* at 771 (citing *Heidelberg v. Hammer*, 577 F.2d 429, 431 (7th Cir.

1978)).

Technological advances may also offer reasonable alternatives. *See e.g.*, *Moss v. Gomez*, 162 F.3d 1169 (9th Cir. 1998) (unpublished) (suggesting trial by deposition or videoconferencing as reasonable alternatives).

## DISCUSSION

Defendants argue that Plaintiff's action should be dismissed because Plaintiff is unable to appear in any meaningful manner for trial. (Mot. for Involuntary Dismissal (#123) at 5-6.)

Plaintiff argues that he may appear at trial via internet web camera. (Opp'n to Mot. (#136) at 2). In addition, Plaintiff argues that he may potentially be released from prison in Washington following resolution of his direct appeal in February 2012. (*Id.* at 3.)

In their reply, Defendants argue that Plaintiff misrepresented his ability to appear via internet web camera because the videoconferencing equipment at Clallam Bay is incompatible with that of the District Court in Reno, Nevada. (Reply to Mot. (#139) at 2-3; Decl. of Denise L. Larson (#139-1) at 2-3 (¶ 5)). Moreover, they argue that Clallam Bay does not have the equipment to allow Plaintiff to appear via internet web camera. (Reply to Mot. (#139) at 3; Decl. of Denise L. Larson (#139-1) at 3 (¶ 6)). Finally, Defendants argue that Plaintiff's optimism regarding his release is misplaced. (*Id.* at 4).

The Court finds that Plaintiff is unable to appear in any acceptable or meaningful way for any scheduled trial based on the facts in the record. The Court notes that it granted summary judgment on one remaining claim in October 2009 and that this case has not been able to move forward due to Plaintiff's incarceration. Based on the record before the Court, the Court finds that there are no reasonable alternatives to the dismissal of this case. Plaintiff cannot appear by video and Plaintiff has not shown that he has secured other arrangements that would let him appear at a future trial via video. Additionally, after reviewing the record on the technology at the Clallam Bay Correctional Center, Plaintiff is not authorized to use the Jpay equipment to access this Court. Additionally there is no videoconferencing, web camera, or "Skype" available by which he could appear before this Court. Therefore, this Court dismisses this case. As such, the Court GRANTS Defendants' Motion for Involuntary

4

Dismissal Pursuant to Fed. R. Civ. P. 41(b) (#123) and DENIES the Report and Recommendation of U.S. Magistrate Judge (#142).

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendants' Motion for Involuntary Dismissal Pursuant to Fed. R. Civ. P. 41(b) (#123) is GRANTED.

IT IS FURTHER ORDERED that the Report and Recommendation of U.S. Magistrate Judge (#142) is DENIED.

The Clerk of the Court shall enter judgment accordingly.

DATED: This 30th day of March, 2012.

_____
United States District Judge